David M. Hoffman (pending admission *pro hac vice*)
hoffman@fr.com
Tommy Jacks (pending admission *pro hac vice*)
jacks@fr.com
David S. Morris (pending admission *pro hac vice*)
dmorris@fr.com
Fish & Richardson P.C.
111 Congress Avenue, Suite 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

Michael R. Headley (SBN 220834)
headley@fr.com
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

***Attorneys for Plaintiff, Cypress Semiconductor Corporation***

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

_____ DIVISION

| | |
|---|---|
| CYPRESS SEMICONDUCTOR CORPORATION,<br><br>            Plaintiff,<br><br>   v.<br><br>FUJITSU SEMICONDUCTOR LIMITED,<br><br>            Defendant. | Case No. 3:20-cv-0193<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

   Plaintiff, Cypress Semiconductor Corporation ("Cypress"), by and through its undersigned counsel, files this Complaint against Defendant, Fujitsu Semiconductor Limited ("FSL"), seeking declaratory judgment and injunctive relief, as set forth herein, regarding certain equipment used in two semiconductor foundries to make products for Cypress pursuant to multiple agreements.

## NATURE OF THE ACTION

1.      Cypress brings this action to ensure that the status quo will be preserved pending an anticipated arbitration proceeding in Japan between Cypress and FSL, pursuant to a written agreement.  The arbitrator is expected to determine the rights, duties, and obligations of the two companies with respect to the certain photomasks[1] used in the fabrication of integrated circuits for sale by Cypress (the "Photomasks"). Cypress also seeks to ensure that the companies owning and/or controlling the semiconductor foundries where the Photomasks are located, ON Semiconductor Corporation ("ON Semi") and United Microelectronics Corporation ("UMC"), are on notice of the terms of any temporary restraining order ("TRO") or preliminary injunction issued by this Court and will not damage, destroy, or otherwise remove the Photomasks from use in production of products for Cypress (at the behest of FSL or otherwise) pending the outcome of the arbitration or other resolution of the dispute between Cypress and FSL. Cypress expects that the arbitration proceeding will result in a determination by the arbitrator that Cypress, as an owner, licensee, or assignee, holds rights to the Photomasks that prohibit FSL from destroying them or otherwise interfering with their use in manufacturing products for Cypress to sell.

## BACKGROUND

2.      The Plaintiff, Cypress, is a global supplier of microcontroller units ("MCUs"), integrated circuits, memory units, sensors and other technology solutions to the worldwide automotive industry and other users of advanced microelectronic devices.

3.      FSL is a global semiconductor company based in Japan, which Cypress and its affiliated companies have contracted with in the past to manufacture certain of Cypress's products.

4.      In 2013, Spansion Inc., ("Spansion"), through wholly-owned subsidiary entities, entered into a variety of agreements in a deal to purchase an analog and microcontroller semiconductor business from FSL (the "AM Business"). These included a Stock Purchase Agreement ("SPA"), an Intellectual Property Licensing Agreement ("IPLA"), and an Intellectual

---

[1] Photomasks are opaque plates with holes or transparencies that allow light to shine through in a defined pattern. They are used in the creation of layers of integrated circuits during computer chip fabrication, with each chip requiring a set of photomasks, also known as photoreticles or reticles.

Property Assignment Agreement ("IPAA"). Under these contractual agreements, which are more fully discussed below, Spansion obtained rights to certain FSL technology, specifically including, but not limited to, the Photomasks used to create certain products (the "AM Products") at two semiconductor foundries (also known as "fabs") owned and operated by FSL subsidiaries located in Aizu and Mie, Japan and more particularly identified in the SPA (the "Aizu Fab" and the "Mie Fab").

5. Subsequent to FSL and Spansion entering into the SPA, IPLA, and IPAA:

    a. In 2015, Spansion merged with Cypress, and by January 2016, all Spansion entities involved in the Transactions were 100% owned by Cypress.

    b. FSL expressly recognized that Cypress holds Spansion's rights with regard to the output of the Aizu and Mie Fabs and continued to produce AM Products for Cypress to sell to its customers.

    c. On October 1, 2018, ON Semi became the majority shareholder of the entity holding the Aizu Fab.

    d. On October 1, 2019, UMC became the sole owner of the Mie Fab.

    e. ON Semi and UMC continued to produce AM Products for Cypress to sell to its customers.

6. Prior to the time these two fabs were acquired by ON Semi and UMC, both were owned and controlled by FSL, through subsidiary companies.

7. Additionally, there are supply agreements (also known as "foundry agreements") relevant to the Cypress's rights to have the AM Products produced with the Photomasks.

8. In December of 2019, FSL threatened to cause the destruction of those Photomasks if Cypress did not pay FSL $3.5 million. FSL took this position notwithstanding the interests Cypress holds in the Photomasks under the clear language of the SPA, IPLA, and IPAA.

## THE PARTIES AND AFFECTED NON-PARTIES

9. Plaintiff, Cypress Semiconductor Corporation, is a Delaware corporation with its headquarters in San Jose, California. Cypress is the successor-in-interest by merger to Spansion

Inc., which was a designer, developer, and manufacturer of semiconductor products based in Sunnyvale, California.

10. The Defendant, Fujitsu Semiconductor Limited, a Japanese corporation, regularly conducts business in this District, both directly and through Fujitsu Electronics America, Inc. (f/k/a Fujitsu Semiconductor America) ("FEA"), a subsidiary of Fujitsu Electronics, Inc. ("FEI"), a member of the FSL family of companies. FEA is headquartered in Sunnyvale, California.

11. Non-party United Microelectronics Corporation (NYSE: UMC), a semiconductor manufacturing company, is a Taiwanese corporation. It does business in this state through its wholly-owned subsidiary UMC Group USA, a California corporation headquartered in Sunnyvale, California.

12. Non-party ON Semiconductor (NASDAQ: ON) is a semiconductor supplier company. It is a Delaware corporation with its headquarters in Phoenix, Arizona and with offices in Sunnyvale, California.

## JURISDICTION, VENUE AND SERVICE

13. This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (a) and (c)(1) because the value of the matter in controversy exceeds $75,000, exclusive of interest and costs, and because the Plaintiff Cypress is a Delaware corporation with its principal place of business in California and Defendant FSL is a corporate citizen of Japan with its principal place of business in Tokyo, Japan.

14. Venue of this action is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and/or (3) because all or a substantial part of the events or omissions upon which this action is based occurred in this district and, alternatively, because this Court may exercise personal jurisdiction over the defendant FSL.

15. This Court may exercise personal jurisdiction over the Defendant, FSL, because its threats to destroy the Photomasks upon which Plaintiff's request for injunctive relief is based were communicated to Plaintiff Cypress in California (in this District, to be specific), both during a face-to-face dinner meeting and via telephone. Also, on information and belief, this state and this

District are where all or part of the first set of agreements affecting the subject matter of this lawsuit were negotiated by FSL with Spansion in this state (again, in this District). This state and this District are also where all or part of later agreements affecting the subject matter of this lawsuit were negotiated by FSL with Cypress. Furthermore, FSL has instituted litigation in this state (specifically, in this District) and has moved to transfer litigation to this District, acknowledging personal jurisdiction. Also, Defendant has operated extensively in this state via its subsidiary FEA.

## FACTUAL ALLEGATIONS

16. Under the Stock Purchase Agreement with FSL, the rights and obligations of FSL and Cypress may only be determined in an arbitration to take place in Tokyo, Japan, pursuant to the rules of the Japan Commercial Arbitration Association ("JCAA"). Cypress intends to initiate such an arbitration proceeding in the near future if it is unable to negotiate and resolve the present dispute with FSL by the mutual consent of the parties. However, the parties' SPA also includes a provision for injunctive relief to enforce the parties' right and obligations under the SPA, including the relief sought herein.

17. The sole purpose of the present action is to obtain declaratory and injunctive relief ensuring that Cypress's rights regarding the Photomasks are not prejudiced if FSL attempts to follow through on its recent threat to cause the destruction of the Photomasks before the arbitration between FSL and Cypress can run its course. In other words, all Cypress seeks to accomplish by this action is to ensure that the status quo is preserved pending the completion of any necessary arbitration proceeding or other resolution of the disputes between FSL and Cypress.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

18. All of the preceding paragraphs, including all facts and allegations contained therein, are hereby incorporated by reference. An actual and justiciable controversy now exists with regard to Cypress's rights in the Photomasks and to continued production of AM Products and FSL's attempts to interfere with those rights.

19. This Court is authorized and empowered to declare that Cypress has a legal interest in the Photomasks and certain rights regarding continuing production of the AM Products that must be resolved by the arbitration process. A judicial determination that Cypress holds such an interest and rights is necessary, appropriate, and desirable at this time so to prevent FSL from attempting to direct or coerce UMC and/or ON Semi or others to damage, destroy, or otherwise remove the Photomasks from use in production of AM Products at the Aizu and Mie Fabs before Cypress can obtain a binding determination of its rights in relation to FSL in an arbitration pursuant to the SPA.

## SECOND CAUSE OF ACTION

### (Injunctive Relief)

20. All of the preceding paragraphs, including all facts and allegations contained therein, are hereby incorporated by reference.

21. To prevent FSL from carrying through with its threat to direct UMC and/or ON Semi or others to destroy the Photomasks, it is in the interest of Cypress to have this Court grant injunctive relief so that FSL's threatened gambit doesn't result in the destruction of this property before an arbitration proceeding between Cypress and FSL can be completed.

22. If the Photomasks were to be destroyed, Cypress would be severely damaged. The destruction of that property would require the preparation of completely new replacement photomasks, which could cost an estimated $19.1 million and would take months to complete and test before being fully utilized in the wafer fabrication process. Meanwhile, Cypress, UMC and ON Semi would be deprived of sales revenue and potential loss of customer base, and Cypress's inability to deliver its products to its original equipment manufacturer (OEM) customers might cause those companies' automaker customers to stop production of certain vehicles. The OEM suppliers and their customers are dependent upon the unimpeded and timely delivery of critical microelectronic parts that control numerous vital systems in the auto manufacturers' cars. Such interference with the ability of the OEM customers to meet their customers' demands, and with the

ability of the automobile manufacturers to produce vehicles could irreparably harm those companies' market positions and also Cypress's business reputation and relationships.

23. Moreover, there is a strong likelihood that Cypress will be able to establish in the arbitration called for in the SPA that under the applicable law of Japan, Cypress will prevail on the merits of its contention that if FSL were to interfere with the ability of ON Semi and UMC to utilize the Photomasks to build AM Products for Cypress, FSL would be violating Cypress's rights to the Photomasks.

24. Accordingly, injunctive relief in the form of a Temporary Restraining Order and a Preliminary Injunction is proper at this time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For a declaratory judgment of the Court that Cypress has a legal claim to the ownership or license to the Photomasks currently used in production at the Aizu and Mie Fabs and ongoing rights to the production of products with the Photomasks that must be adjudicated through international arbitration as per the Parties' agreement.

2. In order to preserve the status quo and to serve the interests of all parties to this proceeding, the Court should order that the Photomasks remain in use to produce wafers for Cypress Semiconductor at the Aizu and Mie Fabs by FSL, UMC, ON Semi, or any other acting in conjunction with them until resolution of the dispute between Cypress and FSL, either by agreement or final arbitration decision; and

3. For temporary, preliminary, and final injunctive relief as prayed for herein.

Dated: January 9, 2020

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Michael R. Headley*
    David M. Hoffman (pending admission *pro hac vice*)
    hoffman@fr.com
    Tommy Jacks (pending admission *pro hac vice*)
    jacks@fr.com
    David S. Morris (pending admission *pro hac vice*)
    dmorris@fr.com
    111 Congress Avenue, Suite 810
    Austin, TX 78701
    Tel: (512) 472-5070
    Fax: (512) 320-8935

    Michael R. Headley (SBN 220834)
    headley@fr.com
    500 Arguello Street, Suite 500
    Redwood City, CA 94063
    Tel: (650) 839-5070
    Fax: (650) 839-5071

**COUNSEL FOR PLAINTIFF,
CYPRESS SEMICONDUCTOR CORPORATION**