UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYPRESS SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FUJITSU SEMICONDUCTOR LIMITED,<br><br>Defendant. | Case No. 20-CV-00193-LHK<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 8 |

Before the Court is Plaintiff Cypress Semiconductor Corporation's ("Cypress") ex parte application for a temporary restraining order ("TRO") and preliminary injunction ("TRO Application"). ECF No. 8. Because the Court found that proceeding ex parte was unwarranted, the Court ordered Plaintiff to serve Defendant Fujitsu Semiconductor Limited ("FSL") with the TRO Application on January 9, 2020. ECF No. 11. Following service, FSL entered a special appearance to oppose the TRO Application on January 22, 2020. ECF No. 19 ("Opp'n"). Cypress filed a reply on January 28, 2020, ECF No. 22 ("Reply"). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Cypress's application for a TRO and preliminary injunction.

1

## I. LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## II. DISCUSSION

As an initial matter, the Court has serious concerns about whether it has personal jurisdiction over FSL. The Ninth Circuit has held that "it would be inappropriate for a district court to enter any injunction . . . without first considering whether personal jurisdiction could be asserted over the defendant." *Butte Min. PLC v. Smith*, No. 92-36890, 1994 WL 192428 (9th Cir. 1994) (citing *Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1389 (9th Cir.1988), and *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470–71 (5th Cir. 1585)).

Cypress concedes that FSL is a Japanese corporation, Compl. ¶ 10; the photomasks that are the subject of the dispute are located in Japan, TRO Appl. ¶ 10; the applicable agreements are governed by Japanese law, TRO Appl. ¶ 19; and the parties are bound by an agreement to arbitrate in Tokyo, Japan under the rules of the Japan Commercial Arbitration Association, Compl. ¶ 5. *See* ECF No. 11 at 2. Moreover, Cypress acknowledges that it has failed to serve the summons and complaint on FSL pursuant to the Hague Service Convention. *See* Am. Compl. at 8 n.5. FSL has in fact moved to dismiss the complaint on the basis of improper service. *See* ECF No. 23. In response, Cypress has conceded that it will serve the summons and amended complaint on FSL

2

Case No. 20-CV-00193-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

pursuant to the Hague Service Convention. *See* ECF No. 33 ("Am. Compl.") at 8 n.5. Thus, at this time, it is not clear whether FSL has properly been served and whether this Court in fact has personal jurisdiction over FSL. *See SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) ("[S]ervice of process is the means by which a court asserts its jurisdiction over the person."). Nonetheless, the Court will continue to assess whether Cypress has met the standard for issuance of a TRO and preliminary injunction.

Based on the record before the Court, Cypress has not established that it is likely to succeed on the merits. Cypress's sole cause of action in this case is based on "breach, anticipatory breach or repudiation of contract." Am. Compl. at 7. Because Japanese law governs the contracts at issue, *see* TRO Appl. ¶ 19, the parties each supplied an opinion from Japanese counsel discussing the viability of Cypress's claim. *See* ECF Nos. 7-2 ("Pl.'s Opinion"), 19-8 ("Defs.' Opinion"). Specifically, in support of Cypress's TRO Application, Cypress's U.S. counsel declined to themselves make any substantive arguments about Japanese law. Instead Cypress's counsel provided a letter from two attorneys familiar with Japanese law, who are located, unsurprisingly, in Japan. *See, e.g.*, ECF No. 7-2. However, Cypress's opinion letter fails to establish that Cypress will likely succeed on the merits. Instead, the letter merely states that Cypress "has *reasonable grounds* to demand that FSL not destroy, remove, or otherwise impair the photomasks." Opp'n at 14 (quoting ECF No. 7-2 at 6) (emphasis added). Merely having "reasonable grounds" for its demands is a far cry from Cypress showing that Cypress is *likely to succeed* on the merits.

However, that Cypress has not established its likelihood of success on the merits is not alone dispositive. "[T]he Ninth Circuit weighs [the *Winter*] factors on a sliding scale, such that where there are only 'serious questions going to the merits'—that is, less than a 'likelihood of success' on the merits—a preliminary injunction may still issue so long as 'the balance of hardships tips *sharply* in the plaintiff's favor' and the other two factors are satisfied." *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018). Yet, even assuming that Cypress has established

3

Case No. 20-CV-00193-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

"serious questions going to the merits," Cypress has again failed to show that it meets another required factor: specifically, that irreparable harm is likely. "[P]laintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction"; otherwise, preliminary injunctive relief is inappropriate. *Winter*, 555 U.S. at 22.

Cypress's theory of irreparable harm rests on its assertion that FSL has threatened to destroy "photomasks" used by Cypress to manufacture computer chips used in "certain analog semiconductor products and microcontroller products," (collectively, "AM Products"). *See* ECF No. 8-2 ("Croll Decl.") at ¶¶ 2, 11. Cypress claims that it would take millions of dollars and "many months" to recreate the photomasks. *Id.* ¶ 12. Cypress further alleges that, beginning on November 12, 2019, FSL demanded payment of $3.5 million for the photomasks and that, as of December 2, 2019, FSL threatened to destroy the photomasks if Cypress did not make the demanded payment. *Id.* ¶¶ 13, 14. Cypress argues that, without access to the photomasks, Cypress would be unable to manufacture the AM Products to sell to Cypress's clients, which "could result in a loss of confidence in Cypress by its customers." *Id.* ¶ 17.

These allegations are insufficient to establish irreparable harm, i.e., that "irreparable injury is *likely* in the absence of an injunction." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Cypress's only allegation that it would suffer more than just compensable economic loss is Cypress's assertion that it would lose the confidence of its customers. Croll Decl. ¶ 17. However, Cypress acknowledges that it in fact has an alternative: payment of $3.5 million to retain the photomasks. *Id.* ¶ 13. Cypress's concession that it can avoid any interruption in its manufacturing process, prevent its loss of "millions in revenue," and prevent the loss of its customers' confidence by rendering payment of $3.5 million defeats any claim of irreparable harm. *See* TRO Appl. ¶ 21; Croll Decl. ¶¶ 13–14. Courts have found "irreparable harm" claims to be overly speculative where the aggrieved party has alternative options. *See, e.g.*, *Brisette v. Arnold*, No. 2:16-cv-0208 GEB GGH P, 2016 WL 1670559 (E.D. Cal. Apr. 27, 2016) (finding any claimed harm speculative even if movant "may find fault with [his] alternatives"). This alternative

4

Case No. 20-CV-00193-LHK
ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

payment would not itself constitute irreparable harm. As the United States Supreme Court has explained:

> The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)). Any harm suffered by Cypress would be a temporary economic injury because Cypress has the "possibility [of] adequate compensatory or other corrective relief" if it prevails on its claims under its agreements with FSL. *See Sampson*, 415 U.S. at 90. Accordingly, because Cypress has no evidence that *irreparable* harm, as opposed to temporary economic loss, is likely, Cypress is not eligible for preliminary relief. *See Winter*, 555 U.S. at 12.

Moreover, as the Court has noted, the parties contracted to arbitrate in Tokyo, Japan, under the rules of the Japan Commercial Arbitration Association, and under the laws of Japan. Although Cypress has been aware of FSL's $3.5 million demand since November 12, 2019, and FSL's alleged threat to destroy the photomasks since December 2, 2019, *see* ECF No. 8-2 at ¶¶ 13, 14, Cypress has still failed to initiate arbitration. Instead, Cypress has repeatedly assured the Court that Cypress intends to commence arbitration in the "near future" to resolve the parties' dispute. *See* Compl. ¶ 16 (filed Jan. 9, 2020); Reply at 2 (filed Jan. 28, 2020); Am. Compl. ¶ 16 (filed Feb. 24, 2020). Ironically, Cypress also states that it "has delayed unilaterally initiating the arbitration in the hope of reaching a mutually acceptable way to do so without involving this Court." *Id.* at 2 n.5. Cypress's delay in commencing arbitration undermines Cypress's claim of imminent, irreparable harm.

In light of Cypress's failure to establish a likelihood of success on the merits or a likelihood of irreparable harm, the Court need not consider the remaining *Winter* factors. *See Short*, 893 F.3d at 675 (holding that, where a plaintiff has shown less than a likelihood of success

on the merits, a preliminary injunction may not issue unless the remaining three factors are satisfied).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's application for a temporary restraining order and a preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: February 25, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge