UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| CYPRESS SEMICONDUCTOR CORPORATION, Plaintiff, v. FUJITSU SEMICONDUCTOR LIMITED, et al., Defendants. | Case No. 20-CV-00193-LHK **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL** Re: Dkt. No. 7 |
|---|---|

On January 9, 2020, Plaintiff Cypress Semiconductor Corporation ("Cypress") filed an ex parte application for a temporary restraining order and preliminary injunction ("TRO Application"). ECF No. 8. On the same day, Cypress filed an administrative motion to seal certain exhibits filed in support of Cypress's TRO Application. ECF No. 7. Pursuant to Civil Local Rule 79-5(d)(1)(A), Cypress's sealing motion is supported by a declaration from Michael R. Headley. ECF No. 7-1 ("Headley Decl.").

For the reasons below, the Court GRANTS in part and DENIES in part Cypress's administrative motion to file under seal.

**I. LEGAL STANDARD**

1
Case No. 20-CV-00193-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted). Within the Ninth Circuit, documents that are more than "tangentially related . . . to the underlying cause of action" are not sealable unless the Court agrees that "compelling reasons" exist to overcome the presumption of access. *See Kamakana*, 447 F.3d at 1179.

Here, Defendants wish to seal judicial records related to a TRO Application, which is a more than "tangentially related" to the cause of action. *See Kamakana*, 447 F.3d at 1179. Defendants must therefore overcome the presumption of public access by offering "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must comply with Civil Local Rule 79–5, including that rule's requirement that the request must "establish . . . that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

## II. DISCUSSION

Here, although the Court agrees that some of the information Cypress seeks to seal is in fact sealable, the Court finds that Cypress's request is entirely overbroad. For example, Cypress

seeks to seal specific pricing information with regard to its expected cost of recreating equipment at issue in this case. *See* ECF No. 7-4 ("Croll Decl.") at 4. "[P]ricing terms, royalty rates, and guaranteed minimum payment terms" may be sealable business information. *In re Elec. Arts, Inc.* 298 F. App'x 568, 569 (9th Cir. 2008). Cypress's request to seal this exhibit is narrowly tailored, and thus the Court GRANTS Cypress's request to seal as to this exhibit.

On the other hand, Cypress also seeks to seal other contractual terms, which it argues "could be used by customers in negotiations with Cypress." Headley Decl. at 1–3. Courts in this Circuit have agreed that certain contract terms may be sealable. *W. Air Charter, Inc. v. Sojitz Corp.*, No. CV 18-7361 JGB (KSX), 2019 WL 4509304, at *5 (C.D. Cal. May 2, 2019). Courts reason that information putting the movant "at a disadvantage in future negotiations" with existing and future customers is sealable because it could harm the movant's competitive standing. *See, e.g.*, *Icon-IP Pty Ltd.*, No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015).

However, that a contract contains certain confidential terms does not itself justify sealing of the entire contract, in light of Civil Local Rule 79-5(b), which requires that the sealing request be "narrowly tailored to seek sealing only of sealable material." Thus, requests to seal entire contracts are frequently overbroad and fail to comply with Civil Local Rule 79-5(b) where the requested sealing includes boilerplate terms and conditions contained within these documents, as well as the parties' definition of terms, none of which can reasonably be said to reveal any confidential information. *See, e.g.*, *Dominion Assets LLC v. Masimo Corp.*, 2014 WL 12606653, at *2 (N.D. Cal. May 9, 2014) ("[E]ven though the Court recognizes that portions of these agreements are likely sealable, the Court is not persuaded that each agreement is sealable in its entirety, as each appears to contain boilerplate contract language.").

As a result, the Court finds that much of Cypress's request is entirely overbroad because it covers information that could not possibly implicate Cypress's future negotiating position. For example, in Exhibit L to the Croll Declaration, Cypress seeks to seal the parties' definition of "process" technology. Croll Decl., Ex. L at 5. Cypress's assertion that this term from an assignment agreement, which merely defines a contract term, "could be of value to parties

3
Case No. 20-CV-00193-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL

negotiating with Cypress in the future" is conclusory and is thus DENIED without prejudice. *See* Headley Decl. at 1.

For other exhibits pertaining to Cypress's contractual relationships, Cypress has failed to provide compelling reasons to seal information such as term definitions within contracts and other generic, boilerplate language. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Similarly, "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Hodges v. Apple, Inc.*, No. 13–cv–01128–WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (quoting *Dunbar v. Google, Inc.*, No. 12–CV–003305–LHK, 2012 WL 6202719, at *4–5 (N.D. Cal. Dec. 12, 2012)). Accordingly, as to the remaining exhibits, Cypress's administrative motion to seal is DENIED without prejudice.

Pursuant to Civil Local Rule 79-5, Cypress should narrowly tailor any sealing request to only seek sealing of information that is sealable under this Circuit's case law. Relatedly, in any supporting declaration, Cypress should provide specific facts, rather than conclusory assertions, as needed to support a claim of potential competitive harm. *See Kamakana*, 447 F.3d at 1178–79. Any renewed motion to seal this material must be filed by March 6, 2020.

In sum, the Court rules on Cypress's sealing motion as follows:

| Document | Portion(s) to Seal | Disposition |
| --- | --- | --- |
| Croll Declaration | Cost information on page 4, line 4 | GRANTED |
| Ex. L to the Croll Declaration | Page 5 | DENIED without prejudice |
| Exhibit 1 to Cypress's Application for Ex Parte Temporary Restraining Order and Preliminary Injunction | Entire exhibit | DENIED without prejudice |
| Ex. C to the Croll Declaration | Entire exhibit | DENIED without prejudice |
| Ex. H to the Croll Declaration | Entire exhibit | DENIED without prejudice |
| Ex. I to the Croll Declaration | Entire exhibit | DENIED without prejudice |

4

Case No. 20-CV-00193-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL

| Document | Portion(s) to Seal | Disposition |
|---|---|---|
| Ex. J to the Croll Declaration | Entire exhibit | DENIED without prejudice |
| Ex. K to the Croll Declaration | Entire exhibit | DENIED without prejudice |
| Exhibit A to Proposed Temporary Restraining Order ("TRO") | Entire exhibit | DENIED without prejudice |
| Exhibit B to Proposed Temporary Restraining Order ("TRO") | Entire exhibit | DENIED without prejudice |

**IT IS SO ORDERED.**

Dated: February 26, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge